### In re VEITH'S ESTATE.
No. 50564.

County Judges' Court, Dade County.

April 30, 1965.

L. G. Haugen, Miami, for petitioners.

Forrest & Emanuel, Miami, for beneficiaries of estate of Rose E. Veith.

Carter, Ledyard & Milburn, New York City, for American Heart Association, Inc., National Society for the Prevention of Blindness, Inc. and American Cancer Society, Inc.

FRANK B. DOWLING, County Judge.

*Order and decree on petition for instructions as to duties of executors:* The petitioners in this proceeding are Lillian A. Rienzi and the Miami Beach First National Bank, as executors of the will of Emil G. Veith, deceased. The petitioners request instructions from the court as to their power to claim administration expenses of the estate as income tax deductions rather than as estate tax deductions, and, if they have such power to so elect, the legal effect of the exer-

cise thereof insofar as it would require contribution or adjustment between the marital trust and the non-marital trust created under the decedent's last will and testament, or adjustment or contribution between the income beneficiary and the principal of the non-marital trust, in order to equalize the effect of the election to treat administration expenses as a deduction on the estate's income tax return as permitted by section 642 (g) of the Internal Revenue Code of 1954.

The respondent charities are the remaindermen of the non-marital trust above mentioned, and as such, they will be affected by the result of this proceeding. All of the parties in interest have waived service of citation and have filed their responses; all of the parties have waived oral argument, and, through their respective attorneys, have submitted the matter to this court upon written briefs which are a part of the record in this cause. The court having examined and reviewed the pleadings, exhibits, briefs and reply briefs relative to the issues of this cause, makes the following findings of fact and law —

Emil G. Veith died on August 25, 1960, survived by his wife, Rose E. Veith. Emil's will created out of his residuary estate a marital trust pursuant to a formula provision, and a non-marital trust. The income of the non-marital trust was payable to the wife, Rose, during her life, and thereafter to her sister, Lillian A. Rienzi, during her life, Lillian A. Rienzi being one of the petitioners herein. Upon the death of the survivor, the principal of this non-marital trust will be distributed in equal shares to the respondent charities. Rose died on August 21, 1961. By her will, she exercised her power of appointment over the marital trust by an appointment to her executors, Lillian A. Rienzi and The Miami Beach First National Bank. The respondent charities are not beneficiaries of Rose's estate.

Under section 642 (g) of the Internal Revenue Code of 1954, certain administration expenses of an estate may, at the election of the personal representative, be deducted either on the estate's income tax return, or, on its estate tax return. This is quite true, apart from the fact that under applicable local law, some or all of these expenditures are chargeable only to principal. Accordingly, if the personal representative uses as an income tax deduction an expenditure chargeable to principal, a distortion occurs. On the one hand, income tax is decreased, and net income after tax is increased. On the other hand, the estate tax which is chargeable against principal, is not decreased by the expenditure which itself decreases the principal. The result, therefore, is that the fund which makes the payment suffers a tax detriment, while the fund which is not charged with the payment receives a tax benefit. It is

this interplay of elections under the federal tax law and the local law governing estate accounting which gives rise to this issue.

The executors have deducted on the estate's 1961 income tax return, rather than on its estate tax return, certain administration expenses which the parties concede are chargeable to principal under Florida law. This resulted in the distortion above mentioned. The expenditures from principal were deducted in a manner which decreased the amount of income tax payable by the income beneficiaries and the estate, and which failed to decrease the estate tax which is chargeable solely to the principal of the non-marital trust. It is apparent, therefore, that the result is inequitable to the remaindermen of the non-marital trust. As a result of this election, the income tax liability of the estate was reduced by $8,091.03 and the estate tax liability was increased by $1,610.85. This resulted in a net tax savings to the estate as a whole of $6,480.18. The election resulted in the creation of a "marital deduction" available on the estate tax return which was $8,477.82 larger than the "marital deduction" which would have been available had the election not been exercised.

From the foregoing, it is seen that the estate as a whole has been benefited by applying the deductions where the greatest tax savings would be realized. The income beneficiary (Lillian A. Rienzi) has benefited by decreasing her income tax liability. The non-marital trust has been depreciated by being required to pay increased estate taxes resulting from the loss of the deduction. The marital trust has benefited because the election resulted in the creation of a larger "adjusted gross estate" and accordingly a larger "maximum marital deduction". The election and the results thereof give rise to three questions or issues for determination —

(1) Is the petitioner, Lillian A. Rienzi, who is the primary income beneficiary, as well as the co-executrix of the decedent's estate, prohibited from participating in the election described above?

(2) Do the provisions of the will or the law of the state of Florida require the co-executors to make any adjustments between the marital trust and the non-marital trust in order to equalize the effect of the election described above?

(3) Do the provisions of the will, or the law of the state of Florida, require the co-executors to make any adjustment between the income beneficiaries and the non-marital trust in order to equalize the effect of the election described above?

The court finds that in exercising the election available under section 642 (g) of the 1954 Internal Revenue Code, the co-executors should be guided by two fundamental principles of law —

(a) The co-executors are obligated to keep the taxes to a minimum and preserve the assets of the estate.

(b) The powers and discretions of the co-executors are to be exercised in a manner consistent with the testator's intention as expressed or implied from his will, keeping in mind at all times the equitable doctrine which requires the personal representative of an estate to act fairly and impartially as between the beneficiaries of a decedent's estate.

Under the provisions of the testator's will, the non-marital trust was to be funded by the assets remaining after setting apart a marital trust as therein provided. The remaindermen of the non-marital trust cannot complain of the marital trust or seek contribution or equalization from it by virtue of the election of the co-executors resulting in a reduction of the principal in the non-marital trust. This is true because under the terms of the will the size or amount of the non-marital trust was dependent first upon the size of the marital trust. These charitable remaindermen, therefore, had no vested right in any fund or any amount until such time as the computation of the marital deduction had been completed and finally allowed. To require reimbursement of the so-called "swing" (the amount by which the marital trust was increased and the non-marital trust was decreased by reason of the election) from the marital trust would be violative of the plan outlined by the testator for computing the non-marital trust.

The next question concerns the contribution or adjustment between the income beneficiary and the non-marital trust to equalize the amount by which estate tax could have been decreased by the deduction on the estate tax return of expenditures chargeable to principal under state law. This issue concerns the so-called "Warms Adjustment", Matter of Warms, 140 N.Y.S. 2d, 169. There the court said —

"The tax option which results in a benefit to the income beneficiary . . . should not be exercised to the detriment of the remaindermen. The remainder interest is entitled to the benefits which would have resulted if the expense with which it is charged had been deducted on the estate tax return."

This adjustment required is commonly known as the "Warms Adjustment". The "Warms Adjustment" has recently been approved by the county judge's court in Palm Beach County, Florida. See In re Kent's Estate, 23 Fla. Supp. 133.

There is a significant distinction between the "swing adjustment" dealt with earlier in this decree and the "Warms Adjustment". In the case of the former, the principal of the marital deduction trust

is specifically measured by the testator in terms of a portion of the "adjusted gross estate", a precise concept peculiar to the internal revenue laws of the United States. Section 2056 (c) (2), Internal Revenue Code of 1954. Since the amount of the "adjusted gross estate" is directly affected by whether administration expenses are used as deductions for income tax purposes or to reduce estate tax, the court must assume the testator intentionally gave his executors a limited power to vary the size of the "adjusted gross estate", and, consequently to affect the comparative sizes of the marital and non-marital trust. If this is inequitable, it is an inequity created by the testator himself.

The court concludes that an adjustment should be made between the income beneficiary and the principal of the non-marital trust to the end that the principal of the non-marital trust may be restored to the size it would have been had the executors deducted on the estate tax return all deductible expenditures properly charged to principal.

In this election, the co-executrix and petitioner, Lillian A. Rienzi, does not act alone. She acts in concert with her co-executor. A duty of fair and impartial treatment as between all beneficiaries of a decedent's estate continuously rests upon her shoulders in the exercise of discretion and in the performance of her duties as a co-executrix. This court will not presume or anticipate that she will exercise her discretion in a manner detrimental to the estate, or that she will act capriciously, arbitrarily, mischievously, or ruinously in relation thereto. Accordingly, she is not prohibited from participating in the election herein discussed and the court specifically finds that the election as exercised was in fact for the best interests of the estate as a whole in conformity with the intentions of the testator and to the fair and impartial treatment of all interested parties upon the making of the adjustment hereinafter ordered.

The premises considered, it is ordered and adjudged —

(1) That the co-executors of this estate do have the discretion to claim the administration expenses as income tax deductions or as estate tax deductions, and Lillian A. Rienzi, as co-executrix of this estate, may participate in that determination.

(2) That the election by the co-executors to treat certain administrative expenses as deductions on the 1961 fiduciary income tax return was properly made and the same is hereby confirmed, ratified and approved.

(3) That the co-executors shall make no adjustment, reimbursement, or contribution between the marital trust and the non-marital trust by virtue of having made such election.

(4) That the co-executors be and they are hereby directed and instructed to make an adjustment between the income beneficiary and the principal of the non-marital trust to the end that the principal of the non-marital trust may be restored to the size it would have been had the executors deducted on the estate tax return all deductible expenditures properly charged to principal in the original instance.